# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-213V
Filed: January 17, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| ANGEL BLACKSTONE, on Behalf of  * | | |
| S.B., a Minor, Deceased,   * | | Special Master Dorsey |
|  * | | |
| Petitioner,  * | | |
|  * | | Dismissal decision; |
| v.  * | | Order to Show Cause; |
|  * | | Failure to Prosecute; |
| SECRETARY OF HEALTH  * | | Insufficient Proof. |
| AND HUMAN SERVICES,  * | | |
|  * | | |
| Respondent.  * | | |
| * * * * * * * * * * * * * | | |

Angel Blackstone, *pro se*, Trenton, NJ.
Michael Patrick Milmoe, United States Department of Justice, Washington, DC, counsel for respondent.

### DECISION[1]

On March 25, 2012, Mr. Angel Blackstone filed a petition pursuant to the National Vaccine Injury Compensation Program[2], on behalf of his daughter, S.B., alleging that as a result of receiving a hepatitis B vaccine, a pneumococcal vaccine, a DTP vaccine, and a flu vaccine on March 24, 2009, his infant daughter became ill, suffered seizures and died on March 26, 2009.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petition at 1-2.  The information in the record, however, does not show entitlement to an award under the Act.

## I. **Procedural History**

The petition in this case was filed on March 25, 2013, with five exhibits, including a birth certificate, a three page medical report from Dr. Dawibani, an immunization record, an obituary, and an autopsy report.  A statement of completion was filed on March 25, 2013.

An initial status conference was held on June 4, 2013, with Mr. Blackstone and counsel for respondent to address a potential statute of limitations issue.  Mr. Blackstone confirmed that the dates as contained in the petition were incorrect as to the date his daughter was vaccinated and the date of her passing.  Mr. Blackstone confirmed that his daughter was vaccinated on March 24, 2010, and she passed away on March 26, 2010.  These revised dates, however, still demonstrate that Mr. Blackstone's petition may be untimely filed.

During this initial status conference, the undersigned discussed granting additional time for Mr. Blackstone to consult with an attorney to determine if his claim was untimely filed.  Mr. Blackstone was granted 60 days to consult and/or retain an attorney and was ordered to report back to the court on his progress by August 2, 2013.

No communication was received from Mr. Blackstone by the August 2, 2013 deadline.  The undersigned's law clerk contacted Mr. Blackstone on September 20, 2013, and left a message to schedule another status conference.  An order setting a status conference for November 12, 2013, was mailed out via certified mail to Mr. Blackstone.  See Order dated October 23, 2013[3].  The status conference was scheduled for November 21, 2013, at 2:30 P.M.  Prior to the status conference, the undersigned's judicial assistant spoke with Mr. Blackstone who confirmed that he would participate in the November 21, 2013 status conference and provided an alternative telephone number in the event the court could not reach him on the telephone number on the court docket.  On that date, both telephone numbers provided by Mr. Blackstone were not in service when the undersigned's chambers attempted to reach Mr. Blackstone for the status conference.  Because Mr. Blackstone could not be reached, the status conference was not held.

On December 9, 2014, the undersigned issued an Order directing petitioner to show cause why his case should not be dismissed for failure to prosecute.  Per the Order, petitioner's failure to respond in writing by January 7, 2014, would be interpreted as either a failure to prosecute his claim or as an inability to provide supporting documentation for his claim.  In either event, the Order noted, the petition would be dismissed.

---

[3] Tracking information from the U.S. Postal Service confirms that the order was delivered to Mr. Blackstone's address as listed on the Court's docket on October 25, 2013.  See CM/ECF Docket Entry dated 10/23/2013 – Remark from the Clerk's Office containing Certified Mail Tracking Information.

2

On December 12, 2014, the Clerk's Office received documentation from the U.S. Postal Service that the undersigned's October 23, 2013 scheduling order had been returned as undeliverable.  See CM/ECF Docket Entry dated 12/12/2013.  Notwithstanding the delivery confirmation noted above, supra note 3, the Order has been returned as "unclaimed."

As of January 13, 2014, petitioner had not filed a response to the Order to show cause.  The undersigned's chambers have received no communication from petitioner since prior to the scheduled status conference on November 21, 2013.

## II. Analysis

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990)(affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).  Petitioner's failure to contact the court to advise of his progress in seeking an attorney, his failure to appear for the status conference about which he had recently communicated via phone with court personnel, and his failure to respond to the court's subsequent communications indicate a disinterest in pursuing his claim.  Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that the S.B. suffered a "Table Injury."  Further, although petitioner filed several medical records, without a hearing or additional evidence submitted by petitioner, the undersigned finds that the record does not contain preponderant evidence demonstrating that S.B.'s alleged vaccine injury and subsequent death were vaccine-caused.

**Thus, this case is dismissed for failure to prosecute.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

_____
Nora Beth Dorsey
Special Master